IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Lane Blankenship, | ) | Case No.: 08-04375-BGC-7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Gradco Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 08-00260-BGC-7 |
| | ) | |
| Lane Blankenship, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum Opinion on
the Debtor's Motion for a Stay or Abstention**

The matter before the Court is the <u>Motion to Abstain and Stay Action</u> filed by the defendant on February 11, 2009 (A.P. Proceeding No. 19). After notice, a hearing was held on March 25, 2009, at 11:00 a.m. Mr. Ted Stuckenschneider, the attorney for the defendant, and Ms. Kimberly B. Glass, the attorney for the plaintiff, appeared. The matter was submitted on the pleadings, the defendant's motion, the plaintiff's response to that motion, the arguments of counsel, the record in this adversary proceeding and the record in Bankruptcy Case No. 08-04375-BGC-7.

**I. Background**

The complaint, Document Nos. 1 and 18, alleges that the defendant was the chief financial officer of Gradco Corporation, and while he was, he converted, embezzled, or stole money from the corporation and fraudulently covered up his actions when questioned by lying to Mr. Michael Summers, the corporation's primary shareholder, president, and executive officer. The same circumstances and activities are alleged in a parallel criminal prosecution in state court and a civil action filed by the plaintiff against the defendant in state court prior to bankruptcy.

The defendant asks this Court to stay the present adversary proceeding until the criminal prosecution is concluded. The defendant argues that he risks losing this proceeding and having a substantial nondischargeable judgment entered against him if

he: (1) invokes his fifth amendment privilege against self-incrimination; (2) refuses to testify; or (3) provides information that may be used against him in his criminal trial.

A similar request was made in the state court civil action. The state court stayed that action until the criminal action is completed.

In the alternative, the defendant asks the Court to abstain pursuant to 28 U.S.C. § 1334(c)(1) from hearing and determining the issues in this adversary proceeding until the state civil action is completed. As explained above, that action is stayed until the state criminal action is completed.

## II. Request for Stay of Proceeding

### A. Discussion

The defendant argues that whatever information or testimony he will be asked to provide in this adversary proceeding, or whatever information would be proffered in his defense, may tend to incriminate him and may be used against him in the pending state court criminal action. As such, the defendant suggests that he should exercise his right under the Fifth Amendment and refuse to provide any such information and testimony.

### 1. Blanket Contention

As the cases cited below demonstrate, a blanket contention such as this one, as the only assertion, contention, argument, evidence or proof offered in support of a stay, is not sufficient for granting a stay of an adversary proceeding. SEC v. Wright, 261 Fed. Appx. 259, 263, 2008 WL 73676, *3 (11th Cir., Jan. 8, 2008); United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d 359, 364 (11th Cir. 1994); Anglada v. Sprague, 822 F.2d 1035, 1037 (11th Cir. 1987); Securities and Exchange Commission v. First Financial Group of Texas, Inc., 659 F.2d 660, 669 (5th Cir. 1981); United States v. Malnik, 489 F.2d 682, 686 (5th Cir. 1974), cert. denied, 419 U.S. 826 (1974). "[A] blanket assertion of the privilege is an inadequate basis for the issuance of a stay." United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d at 364. "[T]he blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." SEC v. Wright, 261 Fed. Appx. at 263, 2008 WL 73676, *3. On that basis, the requested stay must be denied.

### 2. Adverse Judgment

In addition, a stay is not mandated unless the invocation of the privilege in the civil proceeding will necessarily compel, require, or result in the entry of an adverse judgment against the claimant. United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d at 364; Anglada v. Sprague, 822 F.2d at 1037; Hoover v. Knight, 678 F.2d 578, 580-581 (11th Cir. 1982). In other words, a stay is generally not warranted unless

the claimant's, "refusal to waive the fifth amendment privilege, standing alone and without regard to other evidence," will result in an adverse judgment being entered against him. Hoover v. Knight, 678 F.2d at 580-581. "The court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant." United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d at 364.

A stay is not warranted: (1) where a judgment must be supported by sufficient evidence proffered by the plaintiff; (2) the defendant's silence is in and of itself insufficient to support any such judgment; (3) the defendant will not in consequence of his silence be automatically found liable for the conduct complained of; and (4) where the defendant's refusal to waive the Fifth Amendment privilege and submit to interrogation will not, standing alone and without regard to the other evidence, result in a judgment being rendered against him, then a stay is unwarranted. In those circumstances, the defendant will not suffer forfeiture of any property or benefit as a consequence of exercising his fifth amendment privilege, and, therefore, failure to stay the proceeding will have no impermissible effect on that privilege. Baxter v. Palmigiano, 425 U.S. 308, 317-318 (1976); United States v. White, 589 F.2d 1283, 1286-1287 (5th Cir. 1979).

The defendant's invocation of his Fifth Amendment privilege in this proceeding will not compel the entry of a judgment of nondischargeability against him. This case is not in a procedural posture for a judgment to be entered against the defendant. No summary judgment motion is pending. The case is not set for trial. And even if the defendant ultimately elects not to provide testimony, the plaintiff must still prove its case by positive evidence. Any judgment against the defendant must be based on that evidence. The defendant's silence will be insufficient in and of itself to support any such judgment. The defendant will not be automatically found liable for the conduct complained of by the plaintiff based on the defendant's silence. The defendant's refusal to waive the Fifth Amendment privilege and submit to interrogation will not, standing alone and without regard to the other evidence, result in a judgment being rendered against him. And if a judgment of nondischargeability is rendered against the defendant, it will not have resulted from the defendant's invocation of his Fifth Amendment privilege, but instead will have resulted from the positive production of evidence by the plaintiff.

### 3. Automatic Judgment

The defendant's stay request must be denied also because he has not shown that invocation of his Fifth Amendment privilege against self-incrimination will, standing alone and without regard to other evidence, automatically require that a judgment of nondischargeability be entered against him. While the defendant will be faced with difficult choices regarding the manner of his defense in this case, and his defense may be rendered more difficult by exercising his privilege, he is not entitled to a stay because he is not faced with the absolute prospect of either waiving his privilege or suffering the mandatory imposition of a judgment against him. Hoover v. Knight, 678

3

F.2d 578, 582 (11ᵗʰ Cir. 1982). "He [will] not [be] forced to surrender his privilege against self-incrimination in order to prevent a judgment against him; although he may [be] denied his most effective defense by remaining silent, there is no indication that invocation of the Fifth Amendment [will] necessarily [result] in an adverse judgment." United States v. White, 589 F.2d 1283, 1286 (5th Cir. 1979) (parentheticals added).

Where a defendant has, " 'free choice to admit, to deny, or to refuse to answer,' " because he will not in consequence of his silence be automatically found liable for the alleged nondischargeable debt, there is "full vindication of the Fifth Amendment privilege against self-incrimination." Luman v. Tanzler, 411 F.2d 164, 167 (5ᵗʰ Cir. 1969)(citation omitted). Hence, the mere existence of a parallel criminal proceeding does not justify a stay, because it "does not alone undercut [the defendant's] privilege against self-incrimination, even [if] the pendency of the criminal action 'force[s] him to choose between preserving his privilege against self-incrimination and losing the civil suit," as a result of his defense being rendered more difficult by his exercise of that privilege. United States v. Little Al, 712 F.2d 133, 136 (5ᵗʰ Cir.1983)(quoting Hoover v. Knight, 678 F.2d 578, 581 (5th Cir.1982)).

### 4. Prompt Resolution

Other considerations support denying the stay request. It has been represented that Mr. Michael Summers, the plaintiff's owner, president and chief executive officer, is in poor health. It has been represented that he has congestive heart failure and has been hospitalized for extended periods over the past several years. In fact, it was represented that he was in the hospital during 22 of the 30 days preceding the hearing on the present motion. The Court understands that Mr. Summers prognosis is poor as he has been told that he does not have long to live. If he does not survive until this matter is resolved, both the plaintiff and he will be prejudiced.

In contrast to Mr. Summers' situation, the defendant did not provide sufficient justification for delaying the prompt resolution of this case and did not show that failure to stay the present proceeding will impermissibly burden the exercise of his constitutional rights. Consequently, the requested stay must be denied also because the plaintiff's interest in effecting the prompt resolution of the present suit outweighs the defendant's interest in defending the case without jeopardizing the relative strength of his position. Hoover v. Knight, 678 F.2d 578, 582 (11ᵗʰ Cir. 1982)(stay not warranted where plaintiff's interest in prompt resolution of its case outweighed defendant's interest in litigating her cause without risk of weakening her position); Wehling v. Columbia Broadcasting System, 608 F.2d 1084 (5ᵗʰ Cir. 1979)(limited discovery stay warranted where interest of plaintiff in protecting his privilege outweighed defendant's interest in prompt resolution of case because stay would not impose undue hardship on defendant), rehearing denied with clarification, 611 F.2d 1026 (5ᵗʰ Cir. 1980).

### 5. Special Circumstances

Finally, "a court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d at 364 (quoting United States v. Kordel, 397 U.S. 1, 11-12 (1970)); SEC v. Wright, 261 Fed. Appx. at 263, 2008 WL 73676, *3; United States v. Little Al, 712 F.2d at 136. "Special circumstances" include:

> where the Government has brought a civil action solely to obtain evidence for its criminal prosecution or has failed to advise the defendant in its civil proceeding that it contemplates his criminal prosecution; [or] where the defendant is without counsel or reasonably fears prejudice from adverse pretrial publicity or other unfair injury; [or] any other special circumstances that might suggest the unconstitutionality or even the impropriety of [the] criminal prosecution.

United States v. Kordel, 397 U.S. 1, 11-12 (footnotes omitted) (parentheticals added). "Further, no 'special circumstances' existed in this case warranting a stay, as there is no record evidence suggesting the Government had brought the civil case solely to obtain evidence for the criminal prosecution or that the criminal case against him was unconstitutional or inappropriately instituted." SEC v. Wright, 261 Fed. Appx. at 263, 2008 WL 73676, *3.

The very fact of a parallel criminal proceeding does not alone constitute "special circumstances" even if the "'pendency of the criminal action [forces] [the defendant] to choose between preserving his privilege against self-incrimination and losing the civil suit.'" United States v. Little Al, 712 F.2d at 136 (quoting Hoover v. Knight, 678 F.2d at 581) (parenthetical added).

### B. Conclusion to Request for a Stay

Based on the above, the Court finds that a stay is not warranted, and the debtor's request for a stay is due to be denied.

### III. Request for Abstention

The debtor also asks the Court to abstain from hearing this adversary proceeding. Section 1334(c)(1) of Title 28 provides, "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising

5

Case 08-00260-BGC   Doc 28   Filed 06/08/09   Entered 06/08/09 12:43:37   Desc Main
Document      Page 5 of 14

under title 11 or arising in or related to a case under title 11."[1]  Specifically, the debtor wants the Court to delay the present proceeding until the parties have fully litigated the state civil action that was pending when he filed his bankruptcy case.[2]

Bankruptcy courts have considered a myriad of factors in determining whether to abstain from hearing matters.  Those include:  (1) the court's duty to resolve matters properly before it; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the economical use of judicial resources; (4) the effect of abstention on efficient administration of the bankruptcy estate; (5) the degree of relatedness of the proceeding to the main bankruptcy case; (6) whether the proceeding involves difficult or unsettled questions of state law better addressed by a state court; (7) any prejudice to involuntarily removed parties; (8) forum non conveniens; (9) the possibility of inconsistent results; (10) any expertise of the court where the action originated; (11) the existence of a right to a jury trial; (12) the existence of a related proceeding in state court or other nonbankruptcy court; (13) whether there is an alternate basis for federal jurisdiction apart from the bankruptcy case; (14) the substance, rather than form, of any asserted core proceeding; (15) the feasibility of severing state law claims from core bankruptcy matters; (16) the burden on the bankruptcy court's docket; (17) the likelihood that commencement of the proceeding in the bankruptcy court involves forum shopping; and (18) the presence of non-debtor parties.[3]

These factors are not exclusive and are not mandatory.  They are considerations to weigh in individual cases.  The importance of each factor will vary from case to case.  None of the factors, or combinations of them, are determinative or dominate.  Fifty-one percent in favor does not mandate abstention.  Fifty-one percent against does not mandate denial.

These factors, and any others that might be applicable, must be considered strictly within three specific and explicit statutorily designated considerations.  Those are: (A) the interests of justice; (B) the interest of comity with state courts; and (C)

---

[1] At the conclusion of the hearing of the defendant's motion, the parties suggested that it might be prudent for the Court to delay a decision on the abstention part of that motion until after it issued an order on the stay question.  Because the Court has ample facts to decide the abstention issue, there is no reason to delay a decision on it.

[2] Because the state civil court has stayed the civil action before it until after the conclusion of the state criminal case, if this Court agreed with the debtor, this Court would then have to wait for both the state criminal and civil actions to be completed.

[3] The factors listed represent an amalgamation gathered from a multitude of decisions that have dealt with the issue of discretionary abstention under 28 U.S.C. § 1334(c)(1).  See this Court's discussion of abstention at Twyman v. Wedlo, Inc., 204 B.R. 1006, (Bankr. N.D. Ala. 1996).

6

respect for state law.[4] See this Court's discussion of abstention at <u>Twyman v. Wedlo, Inc.</u>, 204 B.R. 1006, 1007 (Bankr. N.D. Ala. 1996).

---

[4] "[T]he decision whether to [abstain] because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case...." <u>Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 16 (1983) (parenthetical added). "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." <u>Id</u>.

"No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 818-819 (1976).

"Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." <u>In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.</u>, 6 F.3d 1184, 1189 (7th Cir.1993).

"[T]he law does not require a judge to intone in every case each of the multiple factors involved in a determination of this type; a judge is permitted to focus on what is important in the particular case." <u>In re Resource Technology Corp.</u>, 2004 WL 419918, *6 (N.D. Ill., February 13, 2004).

"Although the bankruptcy court should consider all twelve factors, one should not be beguiled into a false sense that a head count will yield the answer with mathematical certainty. Rather, the list serves to provide an intellectual matrix to guide the judge who considers abstention and to enable a reviewing court to ascertain whether there has been an abuse of discretion." <u>In re Franklin</u>, 179 B.R. 913, 928 (Bankr. E.D. Cal. 1995).

"[T]he court's evaluation of the numerous potentially relevant considerations is not a mechanical or mathematical exercise." <u>In re Janssen</u>, 396 B.R. 624, 636 (Bankr. E.D. Pa. 2008). "The court need not plod through a discussion of each factor in the laundry lists developed in prior decisions." <u>Id</u>. "As one court has observed, the list of factors is non-exclusive and was developed simply as a guide to the required inquiry; the wise exercise of discretion is rarely a matter of score-keeping or bean-counting." <u>Id</u>. "Ultimately, the pursuit of 'equit[y],' 'justice' and 'comity' involves a thoughtful, complex assessment of what makes good sense in the totality of the circumstances." <u>Id</u>. (quoting <u>Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. Partnership</u>, 2004 WL 1048239, at *3 (S.D.N.Y. May 7, 2004)).

"These factors are considerations, not compelling criteria, and are to be balanced by the court in reaching a determination." <u>In re Underwood</u>, 299 B.R. 471, 476 (Bankr. S.D. Ohio 2003)

"No single factor is dispositive, and the decision does not turn on a counting of the number of factors on each side." <u>In re Lazar</u>, 200 B.R. 358, 373 (Bankr. C.D. Cal. 1996).

7

## A. Interests of Justice

### 1. General Factors

The Court has considered the standard factors which commonly fall under the "interests of justice" consideration. None weigh in favor of abstention. There are no parties other than the plaintiff and the defendant; therefore, there are no considerations respecting possible prejudice to non-debtor parties or involuntarily removed parties. This forum is convenient for both parties and just as convenient to the parties as is the state circuit court; therefore, considerations of forum non conveniens do not favor abstention. Neither abstention nor non-abstention will either facilitate or obstruct the efficient administration of the bankruptcy estate in the defendant's case. State law issues of liability and damages cannot be severed from core bankruptcy dischargeability issues without offending various other interests of justice as explained above. The continued prosecution and trial of all issues in the present proceeding will not constitute a burden on the bankruptcy court's docket. Since neither conviction nor acquittal would, in any event, be conclusive of the factual issues in this proceeding, non-abstention would pose no possibility of conflicting judgments. And there is no indication that either the commencement of the bankruptcy case by the defendant or the commencement of this proceeding by the plaintiff involved forum shopping. The plaintiff did not choose this forum. Instead, it was hoisted upon the plaintiff as a result of the defendant's bankruptcy filing.

### 2. Judicial Economy

Similarly, consideration of judicial economy overwhelmingly weighs against abstention. If abstention is granted, two trials will have to be held before the trial of this proceeding can move forward. A total of three proceedings will be required for making a determination of dischargeability. Those are: (1) a trial in the state criminal court; (2) a trial in the state civil action; and (3) further proceedings in this case. Those further proceedings in this case would include: (1) determining the nature and extent of what occurred in the other two actions; (2) either applying the results of the state civil action through collateral estoppel if possible, or retrying the case if the judgment from that case does not collaterally forbid a retrial of the issues in this case; and (3) rendering a judgment determining dischargeability issues either for or against the plaintiff.

On the other hand, only one trial will be needed here if this Court does not abstain. This Court will not need to await the outcome of the criminal action because neither a conviction, nor an acquittal, nor a guilty plea will be conclusive or dispositive of the factual issues in this proceeding.[5] In addition, the state civil action will be

---

[5] Kitchens v. Maye, 623 So.2d 1082, 1087 (Ala. 1993); City of Gadsden v. Head, 429 So.2d 1005, 1007 (Ala. 1983); Bredeson v. Croft, 326 So.2d 735, 736-737 (Ala. 1976); Aetna Life Ins. Co. v. Dowdle, 250 So.2d 579, 588 (Ala. 1971); Hartford Fire Ins. Co. v. Clark, 61

8

unnecessary because this Court has subject matter jurisdiction in this proceeding, in conjunction with making a determination of dischargeability; (1) to adjudicate the defendant's liability to the plaintiff; (2) to liquidate any debt owed by the defendant to the plaintiff; and (3) to enter a money judgment against the defendant.[6] Not abstaining

---

So.2d 19, 32 (Ala. 1952); Balls v. Crump, 56 So.2d 108, 110 (Ala.1952); Austin v. Clark, 25 So.2d 415, 416 (Ala.1946); Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 166 So. 604, 608 (Ala. 1936); Sovereign Camp, W.O.W. v. Gunn, 150 So. 491, 493 (Ala. 1933); Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 146 So. 387, 392-393 (Ala. 1933); Sovereign Camp, W.O.W. v. Gunn, 140 So. 410, 413-414 (Ala. 1932); Sellers v. Sellers, 102 So. 442, 444 (Ala. 1924); M.L.E. v. K.B. ex rel. A.B., 794 So.2d 1143, 1147 (Ala. Ct. App. 2000); Crummie v. Tuscaloosa County Civil Service Bd., 630 So.2d 455, 457 (Ala. Ct. App. 1992); United Sec. Life Ins. Co. v. Clark, 115 So.2d 911, 916 (Ala. Ct. App.1959); Roden & Son v. State, 3 So.2d 420, 421 (Ala. Ct. App. 1941); Mobile Light & R. Co. v. Burch, 68 So. 509, 512 (Ala. Ct. App. 1915).

     The decision rendered by the Supreme Court in Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373 (1985) requires bankruptcy courts, in dischargeability proceedings, to utilize a state's principles of collateral estoppel to determine the issue of preclusive effect of a judgment rendered by a court of that state. "If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect." St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 676 (11th Cir.1993). If a federal criminal judgment was involved, a conviction or guilty plea would be dispositive via collateral estoppel on the dischargeabilty issues. Blohms v. Commissioner, 994 F.2d 1542, 1554 (11th Cir. 1993); Raiford v. Abney (In re Raiford), 695 F.2d 521, 524 (11th Cir. 1983). That fact would not, however, dictate abstention in this case.

    [6] In re Morrison, 555 F.3d 473, 478 (5th Cir.2009); In re Sasson, 424 F.3d 864, 867-868 (9th Cir. 2005), cert. denied, 547 U.S. 1206 (2006); In re Kennedy, 108 F.3d 1015, 1017-18 (9th Cir.1997); In re McLaren, 3 F.3d 958, 965-66 (6th Cir.1993); In re Hallahan, 936 F.2d 1496, 1508 (7th Cir.1991); Vickers v. Home Indem. Co., Inc., 546 F.2d 1149, 1151 (5th Cir.1977); In re Fink, 294 B.R. 657, 660 (W.D.N.C. 2003); In re Valencia, 213 B.R. 594 (D. Colo. 1997); Harris v. U.S. Fire Ins. Co., 162 B.R. 466, 469 (E.D. Va. 1994); In re Riebesell, 2009 WL 140976, *4 (10th Cir. BAP, January 21, 2009); In re Lang, 293 B.R. 501, 516-517 (10th Cir. BAP 2003); In re Bissonnette, 398 B.R. 189, 196 (Bankr. N.D. Ohio. 2008); In re Smith, 389 B.R. 902, 914 (Bankr. D. Nev. 2008); In re Orseno, 390 B.R. 350, 355 (Bankr. N.D. Ill. 2008); In re Hickman, 384 B.R. 832, 838 (9th Cir. BAP. 2008); In re Westfall, 379 B.R. 798, 803 (Bankr. C.D. Ill. 2007); In re Freeland, 360 B.R. 108, 129 (Bankr. D. Md. 2006); In re Antonious, 358 B.R. 172, 176 (Bankr. E.D. Pa. 2006); In re Thompson, 354 B.R. 174, 181 (Bankr. E.D. Tenn. 2006); In re Sedlacek, 327 B.R. 872, 880(Bankr. E.D. Tenn. 2005); In re Khalif, 308 B.R. 614, 623 (Bankr. N.D. Ga. 2004); In re Friedman, 300 B.R. 149, 151 (Bankr. D. Mass. 2003); In re McCowan, 296 B.R. 1, 3 (9th Cir. BAP 2003); In re Copeland, 291 B.R. 740, 792 (Bankr. E.D. Tenn. 2003); In re McCarter, 289 B.R. 759, 762-63 (Bankr. D.N.M. 2002); In re Ridsdale, 286 B.R. 238, 239 (Bankr. W.D.N.Y. 2002); In re Guillory, 285 B.R. 307 311 (Bankr. C.D. Cal. 2002); In re Hixson, 252 B.R. 195, 198 (Bankr. E.D. Okla. 2000); In re Reedy, 247 B.R. 742, 744 (Bankr. E.D. Tenn. 1999); In re Vinecki, 247 B.R. 327, 329 (Bankr. M.D. Fla. 2000); In re Croteau, 246 B.R. 254, 259 n.2 (Bankr. E.D. Va. 2000); In re Senese, 245 B.R. 565, 577-578 (Bankr. N.D. Ill. 2000); In

therefore offers the most expedient alternative for all parties, including the defendant.

### 3. Jury Trial

The defendant argues that if abstention is denied he will be deprived of the jury trial on the issues of liability and damages that he would otherwise be entitled to in the state civil proceeding. The Court is not deciding that issue now, but notes two possible scenarios with respect to the defendant's right to a jury trial on the issues of liability and damages.

The defendant was either entitled to a trial by jury in this adversary proceeding on the issues of liability and damages or was not. The first scenario assumes that the defendant was entitled to a right to trial by jury on those issues in this proceeding.[7] If he was, he lost it by not making a timely demand for it.[8] Therefore, under the first scenario, the defendant's contention that he will be deprived of a jury trial on issues subsidiary to the dischargeability determination if abstention is not granted would be moot.

The second scenario assumes that the defendant, by filing his bankruptcy case and submitting to the equitable jurisdiction of the bankruptcy court, waived his right to a jury trial on issues of liability and damages in this and any other proceeding.[9] Under

---

re Heidenreich, 216 B.R. 61, 63 (Bankr. N.D. Okla. 1998); In re Cornner, 191 B.R. 199, 214 n.13 (Bankr. N.D. Ala. 1995); In re Fisher, 186 B.R. 70, 71 (Bankr. E.D. Tex. 1995); In re Walters, 176 B.R. 835, 878 (Bankr. N.D. Ind. 1994); In re Harris, 155 B.R. 135, 137 (Bankr. E.D. Va. 1993); In re Davis, 155 B.R. 123, 134 (Bankr. E.D. Va. 1993); In re Currey, 154 B.R. 977, 979 (Bankr. D. Idaho 1993); In re Devitt, 126 B.R. 212, 216 (Bankr. D. Md. 1991); In re Lorren, 45 B.R. 584, 589 (Bankr. N.D. Ala. 1984)In re Shapiro, 22 B.R. 685, 688 (Bankr. E.D. Pa. 1982).

[7] In re Maurice, 21 F.3d 767, 773 (7th Cir. 1994); Wachovia Bank and Trust Co. v. Banister (In re Banister), 737 F.2d 225, 226 n.1 (2nd Cir. 1984), cert. denied, 469 U.S. 1035 (1984); Merrill v. Walter E. Heller & Co. of Alabama (In re of Merrill), 594 F.2d 1064, 1068 (5th Cir. 1979); In re Swope, 466 F.2d 936 938 (7th Cir. 1972); Waire v. Baker, 145 B.R. 267, 270 (N.D. Ind. 1992); Sobel v. Weinstein (In re Weinstein), 237 B.R. 567, 574 (Bankr. E.D.N.Y. 1999).

[8] Fed. R. Civ. P. 38(b), made applicable to this proceeding by Bankruptcy Rule 9015(a), required the defendant to serve a written jury demand on the plaintiff no later than 10 days after the last pleading directed to the issue was served. Since he did not do that, he waived any right to a jury trial that he otherwise had. Fed. R. Civ. P. 38(d). See this Court's opinion in Sharpe v. Wells Fargo Home Mortgage (In re Sharpe), Case No. 03-04644, 2007 WL 1876368, (Bankr.N.D. Ala. Jun 27, 2007)

[9] In re Hashemi, 104 F.3d 1122, 1125 (9th Cir. 1996), cert. denied, 520 U.S. 1230 (1997); In re McLaren, 3 F.3d 958, 961 (6th Cir. 1993); In re Hallahan, 936 F.2d 1496, 1508 (7th

10

that scenario, the defendant's "deprival of a jury trial" argument is again moot because the defendant waived the right to have those issues tried by a jury by filing his bankruptcy case.

Under either scenario, it does not appear that the defendant has a right to a trial by jury on the issues related to the dischargeability determination. Consequently, the factor commonly referred to as "the existence of right to a jury trial" does not weigh in favor of abstention.

### B. Comity with State Courts

Considerations of comity do not favor abstention or override the substantial interests of justice that will be served by not abstaining. The doctrine of comity is, " 'that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.' " Rhines v. Weber, 544 U.S. 269, 274 (2005)(quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)). However, "Principles of comity suggest that a court having jurisdiction over all matters in dispute should have jurisdiction of the case." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1173 (5th Cir. 1982). As explained by the Fifth Circuit Court of Appeals in Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, a decision which is binding on this Court:

> Principles of comity come into play when separate courts are presented with the same lawsuit. When faced with such a dilemma, one court must yield its jurisdiction to the other, unless one court has exclusive jurisdiction over a portion of the subject matter in dispute. Principles of comity suggest that a court having jurisdiction over all matters in dispute should have jurisdiction of the case. Otherwise, the fractioned dispute would have to be resolved in two courts.

675 F.2d at 1173.

This Court has exclusive jurisdiction over the dischargeability issues in this proceeding because the complaint was filed pursuant to 11 U.S.C. §§ 523(a)(2)(A), (4), and (6).[10] Moreover, as indicated before, this Court has subject matter jurisdiction in

---

Cir. 1991); In re Fink, 294 B.R. 657, 659-660 (W.D.N.C. 2003); In re Hickman, 384 B.R. 832, 840 (9th Cir. BAP 2008); In re Duffy, 317 B.R. 49, 51 (Bankr. D.R.I. 2004); In re Bandy, 237 B.R. 661, 670 (Bankr. E.D. Tenn. 1999); In re Thomas, 235 B.R. 864, 866 (Bankr. N.D. Tex. 1999); In re Leigh, 165 B.R. 203, 225 (Bankr. N.D. Ill. 1993); In re Griffin, 143 B.R. 247, 248-249 (Bankr. D. Idaho 1992); In re Choi, 135 B.R. 649, 651 (Bankr. N.D. Cal. 1991); In re Devitt, 126 B.R. 212, 215 (Bankr. D. Md. 1991); In re Smith, 84 B.R. 175, 181 (Bankr. D. Ariz. 1988).

[10] Archer v. Warner, 538 U.S. 314, 321 (2003); Grogan v. Garner, 498 U.S. 279, 284 n.10 (1991); Brown v. Felsen, 442 U.S. 127, 134 (1979); In re Sasson, 424 F.3d 864, 869 (9th

11

Cir. 2005), cert. denied, 547 U.S. 1206 (2006); Banks v. Gill Distribution Centers, Inc., 263 F.3d 862, 868 (9th Cir. 2001); Renfrow v. Draper, 232 F.3d 688, 693 (9th Cir. 2000); In re Caton, 157 F.3d 1026, 1028 (5th Cir. 1998), cert. denied, 526 U.S. 1068 (1999); In re Schwager, 121 F.3d 177, 181 (5th Cir. 1997); In re Bursack, 65 F.3d 51, 53 (6th Cir. 1995); In re St. Laurent, 991 F.2d 672, 676 (11th Cir. 1993); In re McKendry, 40 F.3d 331, 335 (10th Cir. 1994); In re Pigge, 539 F.2d 369, 371 (4th Cir. 1976); In re Riggle, 389 B.R. 167, 173 (D. Colo. 2007); Casey v. Mohamed, 323 B.R. 834, 836 (S.D.N.Y. 2005); In re Hawkins, 231 B.R. 222, 231 (D.N.J. 1999); In re McKenzie, 225 B.R. 377, 380 (N.D. Ohio 1998); In re Valencia, 213 B.R. 594, 595 (D. Colo. 1997); In re Bebber, 192 B.R. 120, 122 (W.D.N.C. 1995); Harris v. U.S. Fire Ins. Co., 162 B.R. 466, 468 (E.D. Va. 1994); In re Sonnier, 157 B.R. 976, 979 (E.D. La. 1993); In re Dunston, 146 B.R. 269, 278 (D. Colo. 1992); In re Crocker, 362 B.R. 49, 55 n.3 (1st Cir. BAP. 2007); In re Moncur, 328 B.R. 183, 189 (9th Cir. BAP. 2005); In re Sweeney, 276 B.R. 186, 195 (6th Cir. BAP 2002); In re Roussos, 251 B.R. 86, 95 (9th Cir. BAP 2000); In re Donald, 240 B.R. 141, 146 (1st Cir. BAP 1999); In re Yerushalmi, 393 B.R. 288, 294 (Bankr. E.D.N.Y. 2008); In re Colfack, 393 B.R. 222, 225 (Bankr. D. Neb. 2008); In re Bachinski, 393 B.R. 522, 535 (Bankr. S.D. Ohio 2008); In re Smith, 389 B.R. 902, 914 (Bankr. D. Nev. 2008); In re Cietek, 390 B.R. 773, 779 (Bankr. N.D.N.Y. 2008); In re Powers, 385 B.R. 173, 180 (Bankr. S.D. Ohio 2008); In re Rapp, 375 B.R. 421, 430 (Bankr. S.D. Ohio 2007); In re Tulloch, 373 B.R. 370, 382 n.6 (Bankr. D.N.J. 2007); In re Jones, 369 B.R. 340, 346 (Bankr. N.D. Ohio 2007); In re Kelley, 360 B.R. 753, 757 (Bankr. N.D. Ohio 2006); In re DiGeronimo, 354 B.R. 625, 639 (Bankr. E.D.N.Y. 2006); In re Meador, 352 B.R. 832, 839 (Bankr. E.D. Tenn. 2006); In re Skeen, 359 B.R. 593, 599 (Bankr. W.D. Va. 2006); In re Brown, 331 B.R. 243, 247 (Bankr. W.D. Va. 2005); In re Henderson, 324 B.R. 302, 305 (Bankr. W.D. Ky. 2005); In re Elias, 302 B.R. 900, 907 n.7 (Bankr. D. Idaho 2003); In re Enciso, 300 B.R. 235, 240 (Bankr. W.D. Pa. 2003); In re Butler, 297 B.R. 741, 747 (Bankr. C.D. Ill. 2003); In re Murphy, 297 B.R. 332, 347 (Bankr. D. Mass. 2003); In re Daniel, 290 B.R. 914, 922 (Bankr. M.D. Ga. 2003); In re Hurley, 285 B.R. 871, 876 (Bankr. D.N.J. 2002); In re Foushee, 283 B.R. 278, 284 (Bankr. N.D. Iowa 2002); In re Ziadeh, 276 B.R. 614, 619 (Bankr. N.D. Iowa 2002); In re Gregg, 268 B.R. 295, 301 (Bankr. N.D. Fla. 2001); In re Cochrane, 273 B.R. 272, 277 (Bankr. M.D. Fla. 2001); In re Goldbronn, 263 B.R. 347, 365 (Bankr. M.D. Fla. 2001); In re Granati, 271 B.R. 89, 94 (Bankr. E.D. Va. 2001); In re Jenkins, 258 B.R. 251, 262 (Bankr. N.D. Ala. 2001); In re Nelson, 255 B.R. 398, 401 (Bankr. E.D. Va. 2000); In re Levy, 250 B.R. 638, 641 (Bankr. W.D. Tenn. 2000); In re Strano, 248 B.R. 493, 499 (Bankr. D.N.J. 2000); In re Krautheimer, 241 B.R. 330, 341 (Bankr. S.D.N.Y. 1999); In re Weinstein, 237 B.R. 567, 575 (Bankr. E.D.N.Y. 1999); In re Keenom, 231 B.R. 116, 126 (Bankr. M.D. Ga. 1999); In re Massey, 228 B.R. 686, 690 (Bankr. S.D. Ind. 1998); In re Perkins, 228 B.R. 431, 433 (Bankr. E.D. Mo. 1998); In re Wilcox, 229 B.R. 411, 415 n.2 (Bankr. N.D. Ohio 1998); In re Banks, 225 B.R. 738, 746 (Bankr. C.D. Cal. 1998), aff'd, 246 B.R. 452 (9th Cir. BAP 1999), aff'd, 263 F.3d 862 (9th Cir. 2001); In re Dunn, 225 B.R. 393, 399 (Bankr. S.D. Ohio 1998); In re Whittaker, 225 B.R. 131, 138 (Bankr. E.D. La. 1998); In re Haines, 210 B.R. 586, 591 (Bankr. S.D. Cal. 1997); In re Saler, 205 B.R. 737, 742 (Bankr. E.D. Pa. 1997), aff'd, 217 B.R. 166 (E.D. Pa. 1998); In re Armstrong, 205 B.R. 386, 391 (Bankr. W.D. Tenn. 1996); In re Hernandez, 195 B.R. 824, 828 (Bankr. D.C.P.R. 1996); In re O'Bryan, 190 B.R. 290, 294 (Bankr. E.D. Ky. 1995); In re Smith, 189 B.R. 240, 243 (Bankr. D.N.H. 1995); In re Fisher, 186 B.R. 70, 71 (Bankr. E.D. Tex. 1995); In re Chinnery, 181 B.R. 954, 964 (Bankr. W.D. Mo. 1995); In re Assevero, 185 B.R. 951, 957 (Bankr. N.D. Ga. 1995); In re Recck, 167 B.R. 93, 96 (Bankr. N.D. Ohio 1994); In re Bingham, 163 B.R. 769, 771 (Bankr. N.D. Tex. 1994); In re Mady, 159 B.R. 487, 490 (Bankr. N.D. Ohio 1993); In re Harris, 155 B.R. 135, 137-138 (Bankr.

this proceeding to determine the defendant's liability to the plaintiff, liquidate any debt owed by the defendant to the plaintiff, and enter a money judgment against the defendant.

On the other hand, while the state court has jurisdiction to determine the defendant's liability to the plaintiff, liquidate any debt owed by the defendant to the plaintiff, and enter a money judgment against the defendant, it does not have jurisdiction to determine and declare that the debt, if any, owed by the defendant to the plaintiff is or is not nondischargeable by virtue of sections 523(a)(2)(A), (4), and (6). Hence, because this Court has jurisdiction over all portions of the subject matter of the dispute, and has exclusive jurisdiction over a portion of that subject matter, principles of comity do not favor abstention.

This Court tries cases similar to that involved herein on a regular basis, applying the same readily discernable state law as that which would be applied by the state courts in those cases. Therefore, the trial of this action requires no special expertise which resides exclusively in or in any greater measure in the state court. Moreover, this is a "core proceeding" arising under title 11, 28 U.S.C. § 157(b)(2)(I), and as such cannot get any more closely related to the defendant's bankruptcy case. And while principles of comity might generally favor abstention in cases which are only remotely or tenuously related to bankruptcy cases, they do not favor abstention in proceedings so closely related to bankruptcy cases as this one.

### C. Respect for State Law

State law issues do not predominate over bankruptcy issues. They exist in equal measure. In this proceeding, dischargeability issues and state law liability are similar and familiar to the Court. There are no substantive differences. There is no indication that this case involves difficult or unsettled questions of state law which might be better addressed by a state court. A state law cause of action does not change the substance of the proceeding from a core nondischargeability proceeding under 28 U.S.C. § 157(b)(2)(I). It is in substance both, as are most nondischargeability proceedings brought pursuant to sections 523(a)(2)(A), (4), and (6). Consequently, "respect for state law" does not weigh in favor of abstention in this case.

---

E.D. Va. 1993); In re Gibson, 149 B.R. 562, 572 n.5 (Bankr. D. Minn. 1993); In re Towe, 147 B.R. 545, 549 (Bankr. D. Mont. 1992); In re Harris, 135 B.R. 434, 436 (Bankr. S.D. Fla. 1992); In re Choi, 135 B.R. 649, 650 (Bankr. N.D. Cal. 1991); In re Haga, 131 B.R. 320, 326 (Bankr. W.D. Tex. 1991); In re Martin, 130 B.R. 930, 942 (Bankr. N.D. Ill. 1991); In re Perry, 111 B.R. 861, 862 (Bankr. C.D. Cal. 1990); In re Martinez, 110 B.R. 353, 355 (Bankr. N.D. Ill. 1990); In re Diaz, 120 B.R. 967, 971 (Bankr. N.D. Ind. 1989); In re Holt, 102 B.R. 116, 119 (Bankr. S.D. Ohio 1989); In re Kaufman, 85 B.R. 706, 710 (Bankr. S.D.N.Y. 1988); In re Borbidge, 81 B.R. 332, 334 (Bankr. E.D. Pa. 1988); In re Padilla, 84 B.R. 194, 196-197 (Bankr. D. Colo. 1987); In re Taite, 76 B.R. 764, 768 (Bankr. C.D. Cal. 1987); In re Chessen, 71 B.R. 169, 171 (Bankr. D. Haw. 1987); In re Coover, 70 B.R. 554, 558 (Bankr. S.D. Fla. 1987); In re Sears, 68 B.R. 34, 36 (Bankr. W.D. Mo. 1986).

### D. Conclusion to Request for Abstention

Based on the above, the Court finds that none of the three major factors considered weigh in favor of abstention and the debtor's request for abstention is due to be denied.

### IV. Conclusion

Based on the above, the Court concludes that neither a stay of these proceedings is warranted nor should the Court abstain from hearing these matters.

A separate order will be entered In conformity with and pursuant to the Memorandum Opinion entered contemporaneously herewith.

Dated: June 8, 2009	/s/Benjamin Cohen
	BENJAMIN COHEN
	United States Bankruptcy Judge

BC:sm